UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

LaSALLE BANK NATIONAL ASSOCIATION,

    Defendant.

2:08-CV-1448 JCM (RJJ)

**ORDER**

Presently before the court is defendant LaSalle Bank National Association's motion to exclude testimony of plaintiff's purported experts. (Doc. #109). Plaintiff Wells Fargo, N.A. filed an opposition. (Doc. #125). Defendant filed a reply. (Doc. #141).

In the plaintiff's complaint, it asserts that LaSalle should be required to repurchase fourteen multifamily loans which LaSalle originated and securitized. Plaintiff asserts that LaSalle made a number of expressed representations and warranties with respect to the loans for the benefit of plaintiff and the certificateholders. Further, Wells Fargo asserts that the defendant breached representations 23 and 35 with respect to the loans, and that said breaches require LaSalle to repurchase the loans. To support this position, plaintiff offers the testimony of several expert witnesses.

In the present motion to exclude the testimony of plaintiff's experts (doc. #109), defendant asserts that under Federal Rule of Evidence 702 and applicable case law, the opinions and testimony of plaintiff's expert witness Thomas Watson, and certain opinions of plaintiff's expert witnesses

**James C. Mahan**
**U.S. District Judge**

Daniel Smith and Tio Difederico, should be excluded. Specifically, defendant asserts that Mr. Watson's testimony purports to improperly opine on the legal interpretation of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), and that the testimony of the other witnesses merely "bootstrap" the improper and inadmissible testimony.

Pursuant to Federal Rule of Evidence 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise..." Further, the expert may only testify if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Federal Rule of Evidence 702.

**Expert Witness Thomas Watson**

Defendant asserts that plaintiff deposed Mr. Watson as a fact witness and also purposes to designate him as an expert witness. The court recognizes that this is permissible, but also recognizes that the court must scrutinize the purposed expert component of the testimony to ensure it is admissible. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1058-60 (9th Cir. 2008). When there is a witness serving this dual role, any testimony given in the expert capacity must satisfy both rule 702 and the relevant case law to avoid being excluded. *Id* at 1058-60.

    **1.**    **Mr. Watson's Legal Opinions or Conclusions**

Defendant asserts that an expert opinion which purports to explain or define the meaning of legal standards, or offer legal opinions or conclusions, is inadmissible. *Id* at 1059. LaSalle further asserts that opinions from an expert that explain or apply a statute to the facts in the case must be excluded because such opinions "would, in effect, instruct the jury regarding how it should decide the key question" at issue. *Id* at 1059.

Here, defendants ask this court to exclude Mr. Watson's expert testimony because he is "offering a legal opinion, namely an opinion on the meaning of FIRREA, and its relevant regulations, and whether MFG's appraisal ordering practices comply with the law." In this assertion, defendant

James C. Mahan
U.S. District Judge

- 2 -

1  LaSalle relies on plaintiff's expert disclosures that state that Mr. Watson has been deposed and has
2  testified "concerning the regulatory requirements for appraisals...and whether LaSalle complied with
3  regulatory requirements for the MFG appraisals, including but not limited to FIRREA."

4  Plaintiff states that Mr. Watson was previously employed by LaSalle as an independent
5  consultant to provide opinions and advice on LaSalle's lending programs, and that in this capacity
6  he identified any FIRREA violations and recommended what corrective actions to take. Plaintiff
7  argues that, unlike in *Nationwide,* the legal issues raised by Mr. Watson are done in such a manner
8  that they become "an operative fact to be proven within the case rather than a rule of decision for
9  deciding the case." Further, plaintiff asserts that his testimony relates to a "discrete point of law, i.e.,
10 the requirements of FIRREA, which would be helpful to the jury's ultimate determination of whether
11 [r]ep[resentation] 35 was breached."

12 As Mr. Watson's testimony purports to interpret FIRREA and opine as to whether it was
13 violated, this testimony is a "legal conclusion" and is inappropriate for an expert to testify to.
14 *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.,* 523 F.3d 1051, 1059 (9th Cir. 2008). Further, if in
15 fact it is found that defendant did not comply with the FIRREA regulations as it was required to do
16 under representation 35, the plaintiff will prevail on this issue. Therefore, an opinion that it *failed*
17 to comply with the regulations would relate to the ultimate *legal issue* in the case, and not be merely
18 an operative fact. Thus, as Mr. Watson's testimony is a legal opinion and/or conclusion regarding
19 the ultimate legal issue, it should be excluded because it would "in effect, instruct the jury regarding
20 how it should decide the key question" at issue. *Id* at 1059.

21 **2.     Reliability of Mr. Watson's Testimony**

22 LaSalle asserts that expert witness Mr. Watson's testimony is unreliable because it suffers
23 from "fundamental analytical gaps." Specifically, defendant asserts that he has no basis in the statute
24 or regulations for his opinions, and that "while stating the opinion that LaSalle's process "violated"
25 FIRREA, Mr. Watson also stated that ***nothing in the statute or regulations addresses the issue of***
26 ***who within a financial institution can or should order the appraisals."*** (Emphasis supplied).
27 Defendant asserts that this unreliable testimony is inadmissible under Federal Rule of Evidence 702,
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

as it is not the "product of reliable principles and methods."

As the court has held above that expert witness Mr. Watson's testimony must be excluded with regards to the legal issue of the case, i.e. whether FIRREA was violated, the court need not address whether his opinion on that issue suffered from "fundamental analytical gaps."

**Expert Testimony of Daniel Smith and Tio DiFederico**

Defendant asserts in the motion to exclude (doc. #109) that the testimony of plaintiff's expert witnesses Daniel Smith and Tio DiFederico should be excluded with regards to the manner in which MFG group ordered appraisals because they merely "bootstrap" their opinions onto those of Mr. Watson.

Pursuant to Federal Rule of Evidence 703, "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Further, a court may exclude testimony of an expert when it is "inextricably linked" to, or a "derivative of," the inadmissible excluded testimony of another expert. *See J.B. Hunt Transp., Inc., v. GM Corp.,* 243 F.3d 441, 444 (8th Cir. 2001).

### 1. Mr. Smith's Testimony

Defendant asserts that Mr. Smith's expert report merely "recites Mr. Watson's legal opinions as the basis for his conclusion that MFG's appraisal ordering violated FIRREA and failed to meet customary industry standards." Specifically, Mr. Smith's report stated that "[o]ne of Mr. Watson's conclusions...was that the manner in which MFG ordered its appraisals was not FIRREA compliant...It is my opinion that *since* LaSalle's appraisal ordering process was not FIRREA-compliant... the ordering process did not satisfy customary industry standards for loan origination." (Doc. #109-8). (emphasis added).

Further, defendant asks this court to exclude Mr. Smith's testimony because he lacks specialized knowledge and expertise concerning FIRREA. In his deposition (doc. #109-12 and #109-13), Mr. Smith admits that he relied on the opinions and conclusions of others, and answered "correct" when asked if he was "relying upon others who have opined that the manner in which

1  appraisals were ordered...was not FIRREA compliant," and if he was "relying on opinions of others
2  as opposed to you reaching that opinion yourself."
3       As Mr. Smith is simply basing his opinion upon the already inadmissible testimony of Mr.
4  Watson, and any probative value is outweighed by the prejudicial effect, his "derivative" testimony
5  with regards to this issue is excluded. *Id;* Federal Rule of Evidence 703. Moreover, as he admittedly
6  has no independent basis for his conclusions, his testimony does not comport with the requirements
7  in rule 702, and his testimony regarding this issue is excluded. Federal Rule of Evidence 702.
8       **2.**    **Mr. DiFederico's Testimony**
9       **a.**    **Lacks Independent Basis and Required Expertise**
10       Defendant asserts that Mr. DiFederico also relies on Mr. Watson's legal conclusions in his
11  report, when he stated "[i]t is clear after reading his deposition that Mr. Watson was of the opinion
12  that...they were in violation of FIRREA...*After* reading Mr. Watson's deposition and the exhibits...
13  I would agree with Mr. Watson that LaSalle appraisal ordering procedures violated the intent of
14  FIRREA's appraiser independence." (Doc. #109-9). (emphasis added).
15       Defendants acknowledge that Mr. DiFederico is knowledgeable regarding the standards
16  applicable to conducting appraisals. However, the additional issue defendants have with Mr.
17  DiFederico's opinion is that he "admitted that he does *not* have specialized knowledge or expertise
18  regarding the industry standards *within banks* for ordering appraisals or whether the regulations
19  relate to that issue." (emphasis supplied).
20       Just as with Mr. Smith, the court is inclined to exclude Mr. DeFederico's opinion regarding
21  the appraisal ordering compliance with FIRREA, because he derives his opinion from inadmissible
22  testimony of Mr. Watson, and admits that he lacks specialized knowledge required under Federal
23  Rule of Evidence 702.
24       **b.**    **Untimely Opinion**
25       Defendant also asserts that Mr. DiFederico's testimony should be excluded because it was
26  untimely under Federal Rule of Civil Procedure 26(a)(2)(B). Under this rule, a party's expert
27  disclosure must contain "a complete statement of all opinions the witness will express and the basis
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(I). Defendant asserts that Mr. DeFederico's opinion with regards to the appraisal ordering did not appear in his initial disclosure, and was introduced for the first time in rebuttal expert disclosures.

As this court has determined that Mr. DiFederico's opinion with regards to the appraisal ordering is excluded, it need not determine whether the opinion is also excluded on other grounds.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant LaSalle Bank National Association's motion to exclude testimony of plaintiff's purported experts (doc. #109) be, and the same hereby is, GRANTED.

DATED February 9, 2011.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**