# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WELLS FARGO BANK, N.A.,

  Plaintiff,

v.

LaSALLE BANK NATIONAL ASSOCIATION,

  Defendant.

2:08-CV-1448 JCM (RJJ)

## ORDER

Presently before the court is plaintiff Wells Fargo Bank N.A.'s motion to exclude the expert report of David Abshier and his related testimony. (Doc. #110). Defendant LaSalle National Association filed an opposition. (Doc. #126). Plaintiff filed a reply. (Doc. #143).

In the plaintiff's complaint, it asserts that, due to defendant's alleged breach of warranties and representations regarding fourteen multifamily loans, LaSalle should be required to repurchase the loans which LaSalle originated and securitized. Specifically, Wells Fargo asserts that the defendant breached representation 23, which warranted that the "origination, servicing and collection practices used by [LaSalle]... with respect to such [m]ortgage [l]oans have been in all material respects legal and have met customary industry standards." (Doc. #110-1). To rebut that this representation was breached, LaSalle offers the expert report and testimony of David Abshier, among others, who assert that this representation does not apply to LaSalle's underwriting and closing of the loans at issue in the case. Additionally, Mr. Abshier purports to opine regarding whether any breach of representation 23 had a material and adverse effect.

**James C. Mahan**
**U.S. District Judge**

**Expert Witness David Abshier**

In the present motion to exclude the expert report and testimony of Mr. Abshier (doc. #110), plaintiff asserts that the testimony should be excluded because he lacks any experience in the commercial mortgage backed securities loan (hereinafter "CMBS") industry, he did not specifically analyze LaSalle's underwriting, closing or servicing of the individual loans, his opinions on material and adverse effects rely on irrelevant post-securitization events, and his opinions regarding representation 23 "are duplicative of another, perhaps more qualified, LaSalle expert."

Pursuant to Federal Rule of Evidence 702,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

As enumerated by the Ninth Circuit and the Supreme Court, an expert's testimony is admissible only if (1) the expert is qualified, (2) his opinion is reliable, and (3) his testimony is relevant and will assist the trier of fact. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588-595 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Primiano v. Cook*, 2010 WL 1660303, *3, _F.3d_ (9th Cir. 2010); *Morin v. United States*, 534 F.Supp.2d at 1184, 1187 (D. Nev. 2005).

**1.     Mr. Abshier's Qualification To Opine Regarding The CMBS Industry**

The court in *Kumho* held that a court should consider "the expert's particular expertise, and the subject of his testimony" when determining if an expert is qualified. *Kumho*, 526 at 147. Plaintiff asserts that expert Mr. Abshier is not qualified in the CMBS industry, which is allegedly the relevant industry for purposes of representation 23. Specifically, it asserts that his knowledge and background are solely in the traditional balance sheet commercial lending industry[1], and that he has no CMBS

---

[1] Mr. Abshier's employment history consists of working for the Union Bank, Office of Thrift Supervision, Long Beach Financial Services, First Fidelity, Abshier & Associates and, for his current employer, LECG, none of which involve securitized and/or multifamily/commercial loans.

1  experience.

2  In defendant's opposition (doc. #126), it asserts that Mr. Abshier's "more than twenty-five
3  years of experience in the banking and commercial lending industries, as a regulator, credit officer
4  and consultant," and his experiences "involving credit review, loan underwriting and loan
5  securitization issues," make him more than qualified to testify regarding the underwriting standards
6  applicable to multifamily loans like the loans at issue. Moreover, defendant assert that the experience
7  Mr. Abshier has in the particular field of CMBS goes to the weight of the testimony and not to its
8  admissibility.

9  This court agrees, and holds that the expert's alleged lack of specialization "affects the
10 weight of the expert's testimony, not its admissibility," and that "vigorous cross-examination,
11 presentation of contrary evidence, and careful instruction on the burden of proof are the traditional
12 and appropriate means of attacking shaky but admissible evidence." *E.g., Wolkowitz v. Lerner,* No.
13 SA CV 07-777-CAS, 2008 WL 1885770, at *3 (C.D. Cal. Apr. 21, 2008); *See Butler v. Home Depot,*
14 *Inc.*, 984 F. Supp. 1257, 1261 (N.D. Cal. 1997) (*quoting Daubert v. Merrell Dow Pharm., Inc.*, 509
15 U.S. 579, 596 (1993)). Thus, the court is not inclined to exclude the expert testimony and report of
16 Mr. Abshier as they pertain to the CMBS industry.

17 **2.    Mr. Abshier's Reliability**

18 Plaintiff asserts that Mr. Abshier's testimony regarding whether LaSalle breached
19 representation 23 is unreliable because it is not "based on an analysis of the [l]oan-specific facts and,
20 therefore, must be excluded." Specifically, plaintiff asserts that Mr. Abshier cannot opine as to
21 whether the underwriting of the loans met customary standards because he admitted that he "did not
22 go into a point-by-point" or "allegation-by-allegation" assessment of each of the allegations, and that
23 he did "not go to the granular detail that [the other expert] provided." Further, plaintiff asserts that
24 he offers no detailed opinion or analysis of his own, and that his opinions cannot stand on their own
25 because he did not perform an independent analysis and is relying simply on the analysis of the other
26 expert.

27 In asserting this, plaintiff relies on the court in *Butler,* when it held that the court must

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  "determine whether the reasoning or methodology underlying the testimony is scientifically valid
2  and whether that reasoning or methodology can be applied to the facts in issue." *Butler,* 984 F. Supp.
3  at 1257, 1259. (*citing Duabert,* 509 U.S. at 592-93). Further, plaintiff asserts that the court should
4  undertake "a rigorous examination of the facts on which the expert relies, the method by which the
5  expert draws an opinion from those facts, and how the expert applies the facts and the methods to
6  the case at hand." *Neal-Lomax v. Las Vegas Metropolitan Police Dept.*, 574 F. Supp.2d 1193, 1202
7  (D. Nev. 2008) (*citing Kumho*, 526 U.S. at 152).

8        Defendant opposes the exclusion of Mr. Abshier's testimony, and asserts that he provided
9  a 57 page analysis where he "reviewed the relevant background information..., assessed the opinions
10  set forth in [the opposing expert's] report," and relied on and cited "specific facts, deposition
11  testimony, underwriting guidelines, and information regarding the loans at issue." Further, as above,
12  defendant asserts that any alleged issue regarding the "methodology" is one that goes to the weight
13  of the testimony, and not to its admissibility.

14        In *Kennedy v. Collagen Corp.,* 161 F.3d 1226, 1231 (9th Cir. 1998), the Ninth Circuit held
15  that any faults in the methodology used by an expert goes to the weight of the report or testimony,
16  and not to the admissibility. As the plaintiff is essentially attacking the method by which Mr. Abshier
17  comes to his conclusion regarding underwriting industry standards, this court is not inclined to
18  exclude his opinion. The plaintiff may cross-examine and present contradicting testimony to properly
19  address its concerns.

20        **3.**    **Relevancy of Mr. Abshier's Testimony**

21        In deciding if an expert's testimony will assist the trier of fact, the court looks at whether the
22  testimony is relevant, whether it is within the juror's common knowledge and experience, and
23  whether it will usurp the juror's role of evaluating a witnesses' credibility. *United States v. Hankey*,
24  203 F.3d 1160, 1168 (9th Cir. 2000). The court in *Daubert* elaborated, when it held that the court
25  must look at "whether [the] reasoning and methodology properly can be applied to the facts in issue."
26  *Daubert*, 509 U.S. at 593, 113 S.Ct. 2786.

27        As plaintiff asserts, for it to prevail on the issue of representation 23, it must prove that the
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  breach "materially and adversely effect[ed] the value of such [m]ortgage [l]oan, the related
2  [m]ortgaged [p]roperty or the interests of the [t]rustee or any [c]ertificateholder in the [m]ortgage
3  [l]oan or the related [m]ortgage [p]roperty." (Doc. #110-7). Mr. Abshier purports to opine that any
4  breach did not have a material and adverse effect. However, plaintiff asserts that this opinion should
5  be excluded due to the fact that he has not reviewed the evidence necessary to provide a reliable
6  opinion, and that the evidence he has reviewed is irrelevant.

### a. Failure to Review Depositions of Plaintiff's Witnesses

Specifically, plaintiff asserts that Mr. Abshier did not review the depositions of two investors/certificateholders regarding their expectations and what effect prior knowledge would have had.

Defendant asserts that Mr. Abshier's testimony should not be excluded because he relied upon and cited to numerous documents and deposition transcripts of witnesses, including those witnesses with personal knowledge of MFG's practices. Further, it asserts that the exclusion is not proper due to his failure to consider "a few passages from the depositions of two witnesses," since that simply goes to the weight of his opinions and not their admissibility. *See Butler,* 984 F. Supp. 1257, 1261 &1266 n.13.

Further, defendant asserts that Mr. Abshier's testimony and report set forth "ample facts and reasoning supporting his opinion that the alleged breaches did not have a material and adverse effect on the value of the loans," and demonstrate the lack of "any evidence in the record that the declines in the value of the loans or properties in question were caused by the alleged breaches." Moreover, defendant asserts that the two witnesses' testimonies are irrelevant as to whether the breach was material and adverse, as they merely state that they would be "concerned" to learn that LaSalle allegedly loosened its underwriting standards and were unaware of LaSalle's so-called "top 10 broker program." Defendant argues that these statements do not pertain in any way to whether the alleged breach was material and adverse, and defendant's expert need not necessarily consider them. The court agrees that Mr. Abshier's failure to consider the two depositions may go to the weight of his opinion, but does not support excluding his opinions all together.

James C. Mahan
U.S. District Judge

- 5 -

### b. Considering Post-Securitization Events

Mr. Abshier relied only on post-securitization information to reach his conclusion that the decline in the housing and real estate markets in Las Vegas in 2007-2009 caused material and adverse affects, not a breach of any representation. Plaintiff asserts that this is irrelevant, because according to LaSalle's other expert Mr. Dwyer, the determination of the material and adverse effect of a breach is determined as of the closing date, March 30, 2006.

Defendant argues that events occurring after the closing date are relevant, because "the concept of 'effect' necessarily entails that the effect occurred later in time than the preceding cause." Further, defendant asserts that the opinion of Mr. Dwyer cannot be used as an admission against LaSalle, and regardless, plaintiff took Mr. Dwyer's deposition testimony out of context, as he actually opined in his deposition that post-closing events are in fact relevant. (Doc. #126-12).

The court is not inclined to exclude Mr. Abshier's testimony and report regarding the material and adverse effect, as the record indicates that Mr. Dwyer's deposition testimony does in fact refer to "future performance of the loan" when discussing a determination of material and adverse effects. (Doc. #126-12). Thus, the plaintiff's reliance on Mr. Dwyer's testimony[2] to support its assertion that the determination must be made as of the closing date is misplaced and does not warrant the exclusion of Mr. Abshier's testimony

### 4. Duplicative Testimony

La Salle asserts that, in addition to the reasons set forth above, Mr. Abshier's testimony concerning representation 23 should be excluded because it is superfluous. Specifically, plaintiff asserts that both Mr. Dwyer's and Mr. Abshier's opinions purport to opine regarding whether LaSalle breached representation 23, the definition of "origination" as used in representation 23, whether any breaches resulted in material and adverse effects, and the relevant industry standards in relation to representation 23.

---

[2] Further, Mr. Dwyer submitted an errata sheet in connection with his deposition clarifying the testimony that plaintiff cites, which states that "he never believed, and certainly did not believe at the time of the deposition, that the required material and adverse effect of a breach had to be in existence on the closing date." (Doc. #126-23).

1    Plaintiff relies on the court in *United States v. Elksnins,* 528 F.2d 236, 239 (9th Cir. 1975), in asserting that since "[t]he exclusion of relevant, but cumulative, evidence is within the sound exercise of the trial court's discretion," the court should exclude Mr. Abshier's opinion. *See also United States v. Marabelles,* 724 F.2d 1374, 1382 (9th Cir. 1984).

    Defendant argues that the exclusion of Mr. Abshier's opinion is improper, because each report offers "independent opinions and analyses that are not contained in the other experts' reports." Further, defendant asserts that any overlap among the experts is permissible and is not a basis to exclude the expert's opinions. *See e.g. Hernandez v. Sutter Med. Ctr. Of Santa Rosa,* No. C 06-3350 SBA, 2009 WL 1227903, at *2 (N.D. Cal. May 1, 2009); *Schwartz v. Hawkins &Powers Aviations, Inc.,* No. 04-cv-195-D, 2005 WL 3164277, at *2 (D. Wyo. Nov. 7, 2005).

    The court exercises its discretion not to exclude the opinion of Mr. Abshier based on the defendant's assertion that he allegedly opines on the same issues that Mr. Dwyer purports to opine on. *Elksnins,* 528 F.2d 236, 239. Moreover, this situation is distinguishable from one where an expert's opinion can be excluded because it merely relies on or "bootstraps" the opinion of another expert without having an independent basis for his own opinion.

    Accordingly,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED plaintiff Wells Fargo Bank N.A.'s motion to exclude the expert report of David Abshier and his related testimony (doc. #110) be, and the same hereby is, DENIED.

    DATED February 23, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -