# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WELLS FARGO BANK, N.A.,

   Plaintiff,

v.

LaSALLE BANK NATIONAL ASSOCIATION,

   Defendant.

2:08-CV-1448 JCM (RJJ)

## ORDER

Presently before the court is plaintiff's motion to strike errata sheet of Timothy Dwyer and for order in limine. (Doc. #123). Defendant filed an opposition. (Doc. #140). Plaintiff filed a reply. (Doc. #144).

In the present motion (doc. #123), plaintiff asserts that defendant's expert Mr. Dwyer's errata sheet should be stricken because it purports to change an answer to his deposition testimony. Moreover, plaintiff contends that the correction in the errata sheet is in an attempt to avoid summary judgment and create a genuine issue of material fact. In expert witness Mr. Dwyer's deposition, he was asked "[w]hat about determining the existence of a material and adverse effect...," "[d]o you have an opinion – or what is your opinion as to when it is determined, the existence of a material and adverse effect of the breach?" (Exhibit 3, Dwyer Depo, 173:9-16). To this question, Mr Dwyer replied, "I would interpret it to be as of the closing date." *Id.*

Following the deposition, defendant submitted an errata sheet making a few minor spelling corrections and, as plaintiff contends, "one major substantive change." Specifically, the errata sheet

**James C. Mahan**
**U.S. District Judge**

1  purports to change the answer to this question to "on, or after," rather than "as of the closing date."
2  Plaintiff argues that this change was made in an attempt to create a genuine issue to preclude
3  summary judgment. Prior to the submission of the errata sheet, plaintiff filed a motion for partial
4  summary judgment (doc. #113) in this case and a motion for summary judgment in a related
5  Oklahoma litigation. Plaintiff asserts that the filing of this errata sheet was in response to those
6  motions, and only came about when defendant realized that Mr. Dwyer's testimony was detrimental
7  to its position.

8  After holding a hearing on the plaintiff's motion for partial summary judgment (doc. #113)
9  and the defendant's motion for summary judgment (doc. #114), the court denied the motions. (Doc.
10 #169). The court did not rely on the deposition testimony of Mr. Dwyer or the disputed errata sheet
11 in holding that material issues existed that precluded summary judgment. Therefore, the present
12 motion to strike the errata sheet with regards to the motion for summary judgment is moot.

13 In plaintiff's present motion (doc. #123), it also asks this court to enter an order "precluding
14 Mr. Dwyer from changing his testimony." However, the court finds that at trial, the proper way to
15 address any inconsistencies is through impeachment. *See Crowe v. Marchand,* C.A. No. 05-98T,
16 2006 WL 5230014, at *1 (D.R.I. Aug. 17, 2006) ("insofar as the motion seeks to preclude plaintiff's
17 counsel and [the witness] from making any reference to the errata sheet during trial, the motion is
18 denied. If defense counsel attempts to impeach [the witness's] testimony by pointing out alleged
19 inconsistencies between that testimony and the answers he gave at his deposition, plaintiff's counsel
20 and [the witness] shall remain free to present relevant portions of the proposed errata sheet on
21 redirect examination"); *In re Fosamx Prods. Liab. Litig.,* 645 F. Supp. 2d 164, 210 n. 22 (S.D.N.Y.
22 2009) ("Impeachment with prior inconsistent statements is the appropriate way to prevent a witness
23 form changing his or her testimony between deposition and trial.").

24 Therefore, the court is not inclined to preclude defendant from presenting Mr. Dwyer's
25 opinion. Likewise, plaintiff will be afforded the opportunity to cross examine Mr. Dwyer regarding
26 his deposition testimony. *Fullbright v. State Farm Mut. Auto. Ins. Co.,* 2010 WL 455179, at *4
27 ("While the alteration in the errata sheet is consistent with [the witness's] testimony and will be
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  allowed, that does not mean that [p]laintiffs cannot question her about...[the disputed topic] and refer
2  to the original deposition testimony, if desired. Plaintiffs are free to do so at trial, and the original
3  answer will remain in the deposition transcript.").
4      Accordingly,
5      IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff's motion to strike
6  errata sheet of Timothy Dwyer and for order in limine (doc. #123) be, and the same hereby is,
7  DENIED.
8      DATED August 9, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -