UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WELLS FARGO BANK, N.A.,

        Plaintiff,

v.

LaSALLE BANK NATIONAL ASSOCIATION,

        Defendant.

2:08-CV-1448 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Wells Fargo Bank, N.A.'s consolidated motion *in limine*. (Doc. #180). Defendant LaSalle Bank National Association filed an opposition. (Doc. #188). Plaintiff then filed a response. (Doc. #191).

Although a trial has not yet been scheduled for this case, the parties have each filed motions *in limine* pursuant to a stipulated agreement. (Doc. #172). According to the stipulation, the parties will bring the majority of their objections to exhibits and deposition designations through motions *in limine*. (Doc. #172).

Plaintiff brings this consolidated motion *in limine* to limit "any statement, testimony, reference of any sort, including exhibit(s), by counsel, any party or witness that relates, refers, or pertains" to nine categories of potential issues or evidence. (Doc. #180). The court will address each of these categories in turn.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**Legal Standard**

Pursuant to Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if "it has any tendency to make a fact more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005). Courts in the Ninth Circuit routinely grant motions *in limine* seeking to exclude evidence that is irrelevant to the claims and defenses at issue. *See, e.g.*, *M2 Software*, 421 F.3d at 1087-88.

Federal Rule of Evidence 403 provides that evidence, although relevant, may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. This is a balancing test left to the sound discretion of the trial court. *See, e.g.*, *Maddox v. City of L.A.*, 792 F.2d 1408, 1417-18 (9th Cir. 1986).

**I.   Events occurring after the MF2 closing date to the extent they pertain to whether a breach of a representation and warranty had a material and adverse effect**

In its first motion *in limine*, plaintiff seeks to limit the introduction of any evidence, testimony, or reference to the post-closing decline and condition of the economy and real estate and mortgage markets as they pertain to plaintiff's claims for material and adverse effect. Plaintiff argues that its claims of material and adverse effect are not based on the post-closing performance or default of the loans. Specifically, plaintiff asserts that its claims of material and adverse effect are based upon evidence that existed as of the closing date. Therefore, according to plaintiff, evidence of the subsequent economic decline is immaterial to the case at bar.

This court is inclined to agree with the Oklahoma court's ruling on a similar motion *in limine*: "Evidence regarding the post-securitization market meltdown is relevant only if [p]laintiff asserts material and adverse effects occurred after the securitization closing date. So long as [p]laintiff asserts material and adverse effects as of the closing date, evidence regarding the post-securitization market conditions is inadmissible." (Ex. 1, Okla. memorandum opinion and order, p. 17).

If plaintiff limits its material and adverse effects claim to evidence available as of the closing date, evidence or testimony of general post-closing economic conditions is irrelevant.

## II. Due diligence and relative sophistication of MF2 certificate holders as it impacts LaSalle's contractual obligations and/or liability

In its next motion *in limine*, plaintiff seeks to prohibit defendant from arguing at trial that MF2 certificate holder Forum's due diligence and sophistication have any impact on defendant's contractual obligations or liability. Plaintiff asserts that the "clear, unambiguous" language of the mortgage loan purchase agreement does not relieve defendant of any liability or obligation with respect to any representation or warranty contained in the mortgage loan purchase agreement. Thus, according to plaintiff, defendant should not be permitted to argue that Forum's due diligence or sophistication impacted defendant's contractual obligations.

At this point in the litigation, the court is not inclined to find, as a matter of law, that the language in the mortgage loan purchase agreement effectively prohibits defendant from introducing evidence about due diligence and sophistication. The court has never ruled on this specific issue,[1] and it declines to do so in this consolidated motion *in limine*.

## III. Risk of investing and rate of return in MF2

Plaintiff moves to limit information concerning risk, profit, and rate of return in MF2, arguing that this evidence is irrelevant to plaintiff's claims that defendant breached representations and warranties. Plaintiff argues that these risks pertain to the performance of the loan, not the risk that defendant would breach a representation and warranty, which is the basis of plaintiff's claims.

The court is not inclined to find that this evidence is irrelevant to the claims and defendant's defense theory. *See* FED. R. EVID. 401. Therefore, the court will allow defendant to introduce evidence of the risk of investing and the rate of return in MF2 loans. However, similar to the Oklahoma court, the court may issue a limiting instruction to prevent confusion, if necessary, during

---

[1] Plaintiff's reply brief cites to "the [c]ourt's prior summary judgment ruling" for the proposition that the mortgage loan purchase agreement renders certificate holder due diligence irrelevant. (Doc. #191). It is unclear to which ruling plaintiff is referring – the only summary judgment order issued by this court does not address this issue.

James C. Mahan
U.S. District Judge

- 3 -

1  the course of the trial. (Ex. 1, Okla. memorandum opinion and order, p. 18); *see also* FED. R. EVID.
2  403.

### IV. LaSalle's lack of knowledge prior to closing dates as a defense to breach of representations and warranties 13, 23, or 35

Plaintiff moves to prohibit defendant from making any argument, suggestion, defense, or introducing related evidence that defendant's alleged breaches, actions, or omissions related to representations and warranties 13, 23, and 35 are excused due to any lack of knowledge of the breach by defendant. Specifically, plaintiff argues that, according to the negotiated language of these specific representations and warranties, there is no knowledge requirement in order to find a breach. Thus, evidence of lack of knowledge would simply confuse the jury as to the ultimate issues. Defendant has not contested plaintiff's assertion that representations and warranties 13, 23, and 35 require actual knowledge.

These representations and warranties do not require defendant to have had knowledge of the breach at the time of the breach. Again, this court is inclined to agree with the Oklahoma court. "Because [d]efendant's lack of knowledge regarding warranty breaches is no defense to [d]efendant's potential liability and the probative value, if any, of this evidence is exceeded by its potential to confuse the jury, this evidence is inadmissible." (Ex. 1, Okla. memorandum opinion and order, p. 19).

### V. Whether errors in appraisals had a significant effect under Uniform Standards of Professional Appraisal Practice Standards rule 1-1(b)

In its fifth motion *in limine*, plaintiff seeks to limit any argument that appraisal errors did not have a "significant effect" on the appraisals. Plaintiff asserts that this evidence is irrelevant and based on a faulty reading of the relevant Uniform Standards of Professional Appraisal Practice rules.

The parties argued this issue in the prior summary judgment motions. In its order denying summary judgment, the court stated that there were genuine issues of material fact remaining for trial and did not grant any individual part of the parties' motions for summary judgment. In other words, the court declined to rule on this issue, among others. Accordingly, the court is not inclined to hold,

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  as a matter of law, that evidence of a "significant effect" is irrelevant here based on this consolidated motion *in limine*. Thus, similar to the court's ruling in the plaintiff's second motion *in limine* (*supra*), the court declines to grant this motion *in limine* at this stage in the litigation.

### VI. Additional or different expert opinions from those expressed in LaSalle's experts reports or depositions

The parties agree that neither party's experts should be permitted to testify to opinions not disclosed in their reports, consistent with Federal Rule of Civil Procedure 26(a)(2) and well-settled case law. The parties apparently disagree on the appropriate scope of expert testimony. In its opposition, defendant states that plaintiff should not be able to supplement insufficient expert reports with subsequent depositions. Plaintiff asserts that defendant has waived this argument because defendant did not make an affirmative motion in its separate motions *in limine* filing.

The court grants plaintiff's motion *in limine* to the extent that expert opinions not disclosed in expert reports are not admissible. Further, expert testimony is admissible if it is *within the scope* of the opinions expressed in the expert report.

### VII. Whether plaintiff mitigated damages

Plaintiff's seventh motion *in limine* seeks to prohibit any argument that plaintiff failed to mitigate its damages. Plaintiff notes that the court bifurcated these proceedings into liability and remedy phases. Mitigation of damages is a remedy-related issue that should properly be asserted in the remedy phase. Defendant argues that mitigation issues are relevant in the liability stage, specifically as they relate to the material adverse effect analysis and determining customary industry standards.

The court agrees with plaintiff that at the liability stage, evidence and testimony of any failure to mitigate damages would tend to confuse the fact finder. *See* FED. R. EVID. 403. Plaintiff has consistently stated that its material adverse effect claim is based on evidence that existed as of the closing date. Therefore, under plaintiff's claim, post-closing failure to mitigate would not impact defendant's liability (although it might impact the appropriate remedy). Accordingly, the court grants plaintiff's seventh motion *in limine*.

**James C. Mahan**
**U.S. District Judge**

**VIII.   Crown NorthCorp's special servicer rating or financial issues**

Plaintiff also moves the court to limit any evidence pertaining to Crown NorthCorp's downgraded special servicer rating. This downgrading is irrelevant to the instant litigation because it was issued "well after the 2006 MF2 [c]losing [d]ate" and would only serve to confuse the fact finder. (Doc. #180).

Once again, the court agrees with the Oklahoma court that evidence of the downgraded special servicer rating and any information related to Crown NorthCorp's financial issues are inadmissible. (Ex. 1, Okla. memorandum opinion and order, p. 21).

**IX.   Whether representation and warranty breaches were material**

Finally, plaintiff moves the court to prohibit defendant from arguing that plaintiff must prove both "material and adverse effect" *and* that the breach itself was "material." Plaintiff argues that this added materiality requirement is unnecessarily duplicative and is not supported by the applicable contract language and New York law.

Defendant first responds that plaintiff is precluded from re-litigating this issue due to the Ohio court's ruling. Defendant also argues that its proposed double materiality requirement is well-supported through legal precedent.

First, this court is not bound by the Ohio court's ruling. That decision was not a final decision. *Ariz. v. Cal.*, 530 U.S. 392, 414 (2000). Second, the court does not endorse defendant's contention that the double materiality requirement is well-supported by the relevant case law. The instant contract dispute requires plaintiff to demonstrate that a representations and warranties breach has a material and adverse effect. Any additional requirement to show that the breach itself was material would be unnecessarily duplicative. The court, therefore, agrees with the Oklahoma court when it stated that it was "unpersuaded that in addition to the clearly-stated requirement that [p]laintiff prove [material and adverse effect], [p]laintiff must also prove material breach. . . . [P]laintiff is only required to prove material effects, not material breach. . . ." (Ex. 14, Okla. memorandum opinion and order, p. 45). Therefore, the court grants plaintiff's final motion *in limine*.

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's consolidated

3  motion *in limine* (doc. #180) be, and the same hereby is, GRANTED in part and DENIED in part.

4  DATED December 15, 2011.

                                                       **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 7 -